Jay Bidwell
WACHTEL, BIEHN & MALM
2240 McCulloch Blvd.
Lake Havasu City, AZ  86403
Telephone: 928-855-5115
Facsimile: 928-855-5211
jaybidwell@wbmlaw.com
State Bar Id. 020108
Attorney for Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| HARRY D. DALTON, | Case No. CV-18-08013-PCT-MHB |
| Plaintiff, | |
| vs. | **JOINT CASE MANAGEMENT REPORT** |
| ARIZONA LIVING RENTAL AND PROPERTY MANAGEMENT, LLC, KELLER WILLIAM, KAREN BOHLER, AND VICKI RUNYON, | |
| Defendants. | |

The parties signing below certify they have conferred about the matters set forth in Rule 26(f). The parties are submitting a Case Management Order with this Joint Report.

1. The parties who attended the Rule 26(f) meeting and assisted in developing the Case Management Report:   Plaintiff, Harry D. Dalton and Attorney for Defendants, Jay B. Bidwell.

2. A list of the parties in the case, including any parent corporations or entities (for recusal purposes):   Plaintiff, Harry D. Dalton, Defendant Arizona Living Rental and Property Management, LLC, Defendant Keller Williams, Defendant Karen Bohler and Defendant Vicki Runyon.

aj
Wachtel, Biehn & Malm
Attorneys at Law
2240 McCulloch Blvd.
Lake Havasu City
Arizona 86403
(928) 855-5115
Fax  (928) 855-5211

1

3. A short statement of the nature of the case (3pages or less), including a description of each claim and defense:

Plaintiff: **Disability Discrimination/Harassment, US Code 55-2601-3619-3631**

Defendants: Plaintiff's allegations as to fair housing violation are baseless due to no facts existing to substantiate them.

4. A description of the principal factual and legal disputes in the case:

Plaintiff: **Exhibits filed from Discovery for Defendants own contract dated 03-10-17**

Defendant: Whether Plaintiff was discriminated against for Plaintiff's perceived disability due to a Notice of Intent to Terminate Lease being provided to Plaintiff with over 30 days notice.

5. The jurisdictional basis for the case, citing specific jurisdictional statues:

U.S. Fair Housing Act. **See #2**

6. Any parties which have not been served and an explanation of why they have not been served, and any parties which have been served but have not answered or otherwise appeared: None

7. A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings (the Court will set a deadline if not later than 60 days after the Case Management Conference to join the parties or amend pleadings):

Plaintiff: **not needed**

Defendants do not expect to add additional parties to the case or otherwise amend pleadings.

aj
Wachtel, Biehn & Malm
Attorneys at Law
2240 McCulloch Blvd.
Lake Havasu City
Arizona 86403
(928) 855-5115
Fax (928) 855-5211

2

8.   A listing of contemplated motions and a statement of the issues to be decided by these motions (including motions under Federal Rules of Evidence 702, 703, 704, and 705):

Plaintiff: **See filed documents**

Defendants are not planning on acquiring any expert witnesses.

9.   Whether the case is suitable for reference to a United States Magistrate Judge for a settlement conference or trial:

Plaintiff: **Will take the good judgment of the Court as on file**

Defendants believe this case is suitable for a reference to a United States Magistrate Judge for settlement conference or trial and has previously consented to February 28, 2018.

10.   The status of related cases pending before other courts or other judges of this Court: N/A

11.   A discussion of any issues relating to preservation, disclosure, or discovery of electronically stored information, including the parties' preservation of electronically stored information and the form or forms in which it will be produced (see Rules16(b)(3), 26(f)(3)):  Plaintiff:  Waiting on phone records or as applicable

Defendants have no electronically stored information in this case.

12.   A discussion of any issues relating to claims of privilege or work product (see Rules Rules16(b)(3), 26(f)(3)):

Plaintiff: **As filed documents show all filing relevant**

Defendant: Defendants object to any further attempt by Plaintiff to depose Defendants' counsel regarding the case due to attorney/client confidentiality privilege.

aj
Wachtel, Biehn & Malm
Attorneys at Law
2240 McCulloch Blvd.
Lake Havasu City
Arizona 86403
(928) 855-5115
Fax (928) 855-5211

3

13.   A discussion of whether an order under Federal Rules of Evidence 502(d) is warranted in this case:

Plaintiff: **42-US Code S-3604 and #44-42-US, Code 55, Code -3601-3619-3631 or relevant. Punitive damages 5.5 as on file**

Defendant: Defendants object to any further attempt by Plaintiff to depose Defendants' counsel regarding the case due to attorney/client confidentiality privilege.

14.   A discussion of the parties' compliance to date with the MIDP, whether any issues have arisen under the MIDP, and, if issues have a risen, a description of those issues so the Court may resolve them at the Rule 16 conference.   If the Rule 26(f) joint report raises MIDP issues for the Court to resolve, copies of the parties' MIDP disclosures should be attached to the report:

Plaintiff has not complied with the MIDP; therefore, Defendants do not know if there are any issues with his MIDP.

Defendant filed and mailed their MIDP on March 26, 2018.

15.   A discussion of necessary discovery.  This discussion should take into account the December 1, 2015 amendments to Rule 26(b)(1), and should include:

a.   The extent, nature and location of discovery anticipated by the parties and why it is proportional to the needs of the case;

Plaintiff: **This was brought on by the Defendants actions**

Defendants anticipate taking the deposition of Plaintiff.

b.   Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure:  None

aj
Wachtel, Biehn & Malm
Attorneys at Law
2240 McCulloch Blvd.
Lake Havasu City
Arizona 86403
(928) 855-5115
Fax  (928) 855-5211

4

c. The number of hours permitted for each deposition.  The parties should consider whether a total number of depositions hours should be set in the case, such as 30 total hours for Plaintiffs and 30 total hours for Defendants.  Such overall time limits have the advantage of providing an incentive for each side to be as efficient as possible in each deposition, while also allowing parties to allocate time among witnesses depending on the importance and complexity of subjects to be covered with the witnesses.

Plaintiff: **No more than 1 hour total**

Defendants:   2 hours for Plaintiff's deposition and 2 hours for Defendants' depositions.

16.  A statement of when the parties served their MIDP discovery responses:  Plaintiff has not served his MIDP responses.  Defendants served their MIDP responses on March 26, 2018.

17.  Proposed specific dates for each of the following (deadlines should fall on a Friday unless impracticable):

a.  A deadline for the completion of fact discovery, which will also be the deadline for final supplementation of discovery responses under the MIDP: June 1, 2018

b.   Dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C): N/A

c.  A deadline for completion of all expert depositions: N/A

d.  A date by which the parties shall have engaged in good faith settlement talks: June 30, 2018

e.  A deadline for filing dispositive motions: August 31, 2018

18.  Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, briefly set forth the reasons): No

aj
Wachtel, Biehn & Malm
Attorneys at Law
2240 McCulloch Blvd.
Lake Havasu City
Arizona 86403
(928) 855-5115
Fax  (928) 855-5211

5

19.   The prospects for settlement, including any request of the Court for assistance in settlement efforts such as a request that the matter be referred to another magistrate judge for settlement conference: the parties request assistance from a magistrate judge.

20.   The estimated length of trial and any suggestions for shortening the trial; 1 day and,

21.   Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1. None

RESPECTFULLY SUBMITTED this 23RD day of April, 2018.

Harry D. Dalton                                    WACHTEL, BIEHN & MALM
1090 Shiloh Rd.                                   2240 McCulloch Boulevard
Russellville, AR 72802                            Lake Havasu City, AZ 86403

Harry D. Dalton                                   Jay Bidwell
Pro Per                                           Attorneys for Defendants

Note from the Plaintiff: I have tried to settle this case for fees, time and a donation to a medical organization. It's been the Defendants actions that brought on this case for Disability Discrimination and Harassment. This was totally unnecessary. I, Harry Dalton will ask the Court for the Courts good judgment in this case as the filed documents show that the Defendants actions were to inflict harm to the Plaintiff, Harry Dalton

aj
Wachtel, Biehn & Malm
Attorneys at Law
2240 McCulloch Blvd.
Lake Havasu City
Arizona 86403
(928) 855-5115
Fax (928) 855-5211

6